Mr. Kie D. Hall Executive Director Arkansas Public Employees Retirement System One Capitol Mall Little Rock, AR 72201
Dear Mr. Hall:
This is in response to your request for an opinion regarding A.C.A. 24-3-206 (Supp. 1989). You have asked, specifically, what the phrase "service requirements" means under subsection (a)(1) of 24-3-206.
A review of 24-3-206, and other pertinent legislation, compels the conclusion that this phrase refers to the minimum total credited service required under subsection (a) (1) of 24-3-206; that is, the provisions of subsection 4.01(b) of Section 4 of Act 793 of 1977 (A.C.A. 24-3-301(b)) may not be used in determining whether a member has the required ten or more years of total credited service with named plans or with reciprocal systems.[1] This conclusion is based upon an interpretation of relevant legislative enactments, in the absence of case law authority on point.
Section 24-3-206(a) sets forth the conditions which must be satisfied in order for a member to receive an annuity when he or she terminates named plan employment before attaining the normal retirement age. The conditions set forth under 24-3-206(a)(1) (Supp. 1989) are as follows:
 (a)(1) The member has ten (10) or more years of total credited service with named plans or with reciprocal systems under the provisions of 24-2-402 — 24-2-406 if, in establishing the minimum total credited service, periods of credited service covering the same calendar time shall be counted only once. However, both service in the Arkansas Public Employees' Retirement System as a member of the General Assembly and service in another reciprocal system during the same period of time may be counted to meet the service requirements for benefits from the reciprocal systems subject to the following:
 (A) The provisions of 24-3-303 (sic)2 may not be used to meet the service requirements;
 (B) The benefit payable by a reciprocal system will be based on the credited service in that system and on the final average pay under that system; and
 (C) If a member has less than five (5) actual years of service credited in a reciprocal system, then `final average pay' means the monthly average of pay to him during his total years of service in that system.
It may reasonably be concluded that the phrase "service requirements", as it appears above, means the required minimum of ten years of total credited service under 24-3-206(a)(1). It is significant to note in this regard that 24-3-301(b), which may not be used to meet "the service requirements", states in part under subsection (3) that: Employment as an elected public official other than Governor shall be credited as service at two (2) times the regular rate for crediting service, except that at least ten (10) years of actual service shall be required to meet the retirement eligibility requirements of . . . 24-3-206(a) . . . (emphasis added.)
The legislature has therefore previously expressed its general intent to require a minimum of "ten (10) years of actual service" before the "retirement eligibility requirements" of 24-3-206(a) will be met. The amendment contained in Section 2 of Act 737 of 1987, (24-3-206(a)(1) (Supp. 1989), thus confirms this requirement with regard, specifically, to members of the General Assembly who have concurrent service in another reciprocal system.
Reference to another act passed during the 1987 regular legislative session may also offer guidance in construing 24-3-206(a)(1) (Supp. 1989). Act 357 of 1987 provides reciprocity between the Arkansas Public Employees Retirement System ("APERS") and the Arkansas Local Police and Fire Retirement System ("LOPFI") for members with public safety service. Sections 1 and 3 of Act 357 authorize retirement benefits based upon public safety service covered by either APERS or LOPFI. Relevant for our purposes is the language setting forth the following condition for receipt of benefits based upon service covered by either system: The total of public safety service credit in APERS and LOPFI is at least twenty (20) years, provided the provisions of Section 4.01(b) [of Section 4 of Act 793 of 1977] are not used to meet the service requirements. [Emphasis added.]
Act 1987, No. 357 1 and 3, codified at A.C.A. 24-3-206(a)(5)(B) (Supp. 1989) and 24-2-402(6)(A) (Supp. 1989).
In a similar context, therefore, the General Assembly has required actual service, prohibiting double service credit (or in the case of public safety employees, one and one-half times the regular rate) in calculating the retirement eligibility requirements of 24-3-206(a).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Section 24-3-301(b)(3) states: Employment as an elected public official other than Governor shall be credited as service at two (2) times the regular rate for crediting service, except that at least ten (10) years of actual service shall be required to meet the retirement eligibility requirements of 24-3-201(a) and (b), 24-3-206(a), 24-3-207(a), and 24-3-208 and at least five (5) years of actual service shall be required to meet the eligibility requirements of 24-3-209. 2 The correct Code section is 24-3-201(b). Section 24-3-206(a)(1)(A) (Supp. 1989) is part of the codification of Section 2 of Act 737 of 1987. The text of this act clearly refers in pertinent part to subsection 4.01(b) of Section 4 of Act 793 of 1977 as the relevant provisions which may not be used to meet "the service requirements." This subsection of the 1977 act is found at A.C.A. 24-3-301(b), not 24-3-303.